# United States Court of Appeals for the Fifth Circuit

---

No. 21-50849
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hugo Dominguez-Giron,

*Defendant—Appellant*,

consolidated with

---

No. 21-50868
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Dominguez-Jiron,

*Defendant—Appellant*.

No. 21-50849
c/w No. 21-50868

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-347-1
USDC No. 4:21-CR-389-1

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Hugo Dominguez-Giron appeals his sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). He contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable maximum in § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. His two-year term of imprisonment does not exceed the maximum in § 1326(a), but his three-year term of supervised release is only authorized by § 1326(b), by virtue of 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). *Cf.* §§ 3559(a)(5), 3583(b)(3) (setting a one-year maximum for an offense punishable under § 1326(a)).

Although Dominguez-Giron acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. In addition, Dominguez-Giron has filed an unopposed motion for summary disposition. He does not challenge the revocation judgment imposed in the consolidated case.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States*

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

2

No. 21-50849
c/w No. 21-50868

*v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Thus, Dominguez-Giron is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Dominguez-Giron's motion is GRANTED, and the judgment is AFFIRMED.